JOHN L. WOZNIAK, Plaintiff-Appellant, v. FIRST SAVINGS OF AMER- ICA, Defendant (J. Farrell & Associates, Inc., Defendant-Appellee).

First District (1st Division) No. 1—88—1961

Opinion filed June 26, 1989.—Rehearing denied August 16, 1989.

John L. Wozniak, of Orland Park, appellant *pro se.*

No brief filed for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, John Wozniak, appeals from an order of the circuit court of Cook County granting summary judgment to defendant J. Farrell & Associates, Inc. Plaintiff claims that this judgment was erroneous.

In April 1986 plaintiff owned a condominium unit in a development known as the Manorhomes of Somerset Park (Manorhomes). On April 4, 1986, plaintiff applied for a mortgage with First Savings of America (FSA) to refinance the unit at a lower interest rate. On May 13, 1986, defendant responded to an inquiry from FSA by preparing a statement that alleged that the development was still subject to additional phasing or annexation. On June 12, 1986, plaintiff's mortgage application was rejected by FSA because the property was found unacceptable.

Plaintiff filed a complaint in the circuit court of Cook County alleging that he was denied the mortgage loan solely due to defendant's statement that the Manorhomes continued to be subject to phasing which, in fact, was not the case. Plaintiff further alleged that defendant breached its fiduciary duty to him by not informing itself of the correct status of the phasing or annexation of the Manorhomes.

Defendant filed a motion for summary judgment alleging that it had only a limited agency relationship with the Manorhomes pursuant to a written management agreement and that the agreement imposed no duty upon defendant to be involved as liaison between the Manorhomes and the developer with respect to phasing or annexation. Plaintiff responded, stating that he had relied on defendant to correctly describe the status of the phasing of the property to FSA, that an article appeared in the Orland Star on April 20, 1986, announcing that the development was not subject to expansion or phasing, and that defendant had contractual obligations to the condominium association by virtue of the property management agreement. The trial court entered an order for summary judgment in favor of defendant. Plaintiff later settled the portion of the case that pertained to FSA.

In plaintiff's *pro se* appeal he contends that the trial court erred in awarding summary judgment to defendant because defendant owed a duty personally to plaintiff as well as to the condominium association pursuant to the property management agreement. Plaintiff's entire brief is devoted to attempting to show that defendant had a duty to plaintiff and that the management agreement existed for his benefit as well as for that of the association.

■ We find that although plaintiff's brief is carefully researched and organized, it does not reach the only appealable issue in this case, which is whether defendant had a specific duty under the contract or

under the law to inform itself as to the expansion or phasing of the Manorhomes. This court will not prepare and argue a case for an appellant. *Consultants & Administrators, Inc. v. Department of Insurance* (1982), 103 Ill. App. 3d 920, 431 N.E.2d 1306.

 Plaintiff has not demonstrated that defendant owed a duty to him under the law, and we do not find such a duty to be imposed on the defendant by its property management agreement with the condominium association.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

MANNING, P.J., and CAMPBELL, J., concur.